11-3097-cv
Kiehle v. County of Cortland

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT: RALPH K. WINTER,
CHESTER J. STRAUB,
DENNY CHIN,
            <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -x

KRISTINA KIEHLE,

            <u>Plaintiff-Appellant</u>,

            -v.-                                    11-3097-cv

COUNTY OF CORTLAND, KRISTEN MONROE, sued in her individual capacity, MAUREEN SPANN, sued in her individual capacity, TIFFANY PARKER, sued in her individual capacity,

            <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, New York (Matthew E. Bergeron, Satter & Andrews, LLP, Syracuse, New York, James Francis Barna, The Barna Law Firm, Fayetteville, New York, <u>on the brief</u>).

FOR DEFENDANTS-APPELLEES:        DONALD S. THOMSON, Davidson & O'Mara, P.C., Elmira, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Kristina Kiehle appeals from the district court's judgment entered on July 8, 2011, pursuant to its decision and order dated July 8, 2011, granting summary judgment to defendants-appellees, the County of Cortland and three employees of the Cortland County Department of Social Services ("DSS").  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Kiehle sued defendants for retaliatory termination in violation of her First Amendment rights when she was discharged as a probationary DSS caseworker after testifying at a New York State Family Court ("Family Court") hearing.  "A public employee claiming First Amendment retaliation must demonstrate that: (1) [her] speech addressed a matter of public concern, (2) [s]he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action" such that "speech was a motivating factor in the determination."  <u>Feingold v. New York</u>, 366 F.3d 138, 160 (2d Cir. 2004) (internal quotation marks omitted).

Upon <u>de novo</u> review, we conclude that the district court did not err in granting summary judgment to defendants. <u>See</u> <u>Miller v. Wolpoff & Abramson, L.L.P.</u>, 321 F.3d 292, 300 (2d Cir. 2003).

On August 18, 2008, at the Family Court hearing, Kiehle testified that the Family Court petitioner -- a mother seeking to re-obtain custody of her daughter -- was able to adequately supervise, and was not neglectful of, her children. Kiehle recommended that the child be returned to the mother. Kiehle's testimony was offered voluntarily, for the petitioner, without a subpoena. When she took the stand, Kiehle introduced herself as a DSS caseworker, and her conclusions were based on information she obtained during the course of her public employment. Further, while taking a position in her testimony that was contrary to DSS's position in the proceeding, Kiehle did not distinguish her personal views from those of DSS.

Hence, as the district court concluded based on the indisputable facts, Kiehle did not testify as a private citizen on a matter of public concern at the Family Court hearing; rather, she testified as a government employee -- as a DSS caseworker. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti v. Ceballos, 547 U.S. 410, 421 (2006). Thus, the district court did not err in granting summary judgment to defendants.

We have considered plaintiff's remaining arguments and find them to be without merit.  Accordingly, we hereby **AFFIRM** the judgment of the district court.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK